THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NIKOLAY KAUTSMAN, and OLGA KOFANOVA, and each on behalf of himself/herself, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CARRINGTON MORTGAGE SERVICES, LLC, a Delaware Corporation and DOES 1-10,<br><br>Defendants. | No. 2:16-cv-01940-JCC<br><br>**STIPULATED PROTECTIVE ORDER** |

**STIPULATION**

Pursuant to the Federal Rules of Civil Procedure and the Court's Local Civil Rules, the parties, Plaintiffs Nikolay Kautsman and Olga Kofanova ("Plaintiffs") and Defendant Carrington Mortgage Services, LLC ("Defendant") hereby submit the following Stipulated Protective Order ("Order"). Under this Order, it is stipulated and agreed by and between the parties hereto, through their respective counsel and subject to the approval of the Court, that the following Order shall govern discovery and disclosures in this action. The parties agree and make such stipulation without waiving any claims or defenses in this action and without acknowledging the propriety of any claim by any party that any information produced during discovery in this action constitutes confidential information, as defined in Paragraph 2. This Order and the procedures

STIPULATED PROTECTIVE ORDER (No. 2:16-cv-01940-JCC) – 1

herein shall not affect the rights of the parties to object to discovery on any grounds, nor shall it relieve the parties of the necessity of proper response or objection to discovery requests.

**1    PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

**2    "CONFIDENTIAL" MATERIAL**

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged, regardless of how generated, stored, or maintained:

(a) Personally identifiable information as identified in Federal Rule of Civil Procedure 5.2 and LCR 5.2(a).

(b) Bank account numbers, credit card numbers, and other non-public financial information that can be specifically linked to an individual's or entity's financial account.

(c) Information that reveals an individual or entity's financial condition, including all unnamed class members.

(d) Photographs of the Plaintiffs, including both named Plaintiffs and all unnamed class members.

(e) Trade secret information and confidential, competitive, or proprietary information, and information that a company takes significant steps to protect in its daily operations, such as through the use of non-disclosure and confidentiality agreements, such as:

(f) Documents related to contracts or relationships with third parties where such relationship or the terms of such relationship are confidential or competitively sensitive.

(g) Sensitive business documents that disclose the company's competitive strategies or inner workings.

(h) Information that is protected or restricted from disclosure by state or federal law or regulation, but which the Court may order to be produced.

## 3  SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

This Order regulates the handling of confidential information during the entirety of this litigation through appeal, and thereafter, shall remain in full force and effect until modified, superseded, or terminated on the record by the agreement of all the parties to this litigation or by order of the Court. Insofar as the provisions of this Order restrict the use, disclosure, or communication of any document or thing produced under it, this Order shall continue to be binding after the termination of this action and the Court shall retain jurisdiction of all persons and parties bound by this Order for purposes of its enforcement and to make such amendments, modifications, and additions to this Order as the Court may from time to time deem appropriate.

## 4  ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1  Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, attempting to settle, or appeal this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2 <u>Disclosure of "CONFIDENTIAL" Information or Items.</u> Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court, court personnel, and court reporters and their staff, including any appellate court to which any appeal may be taken or in which review is sought;

(e) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3 <u>Filing Confidential Material</u>.

(a) Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the

designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Except as provided in (b) below, Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

(b) In association with any stipulation or motion to seal, the parties shall bring to the Court's attention the requested disposition of the confidential information in the event the stipulation or motion to seal is denied. For example, a party may request that, in the event a stipulation or motion to seal is denied, the document containing confidential information withdrawn from the record rather than merely unsealed, together with leave to file a new motion or other paper that does not rely on the confidential information. Nothing in this Order or the above example shall be construed as an endorsement of any particular relief, nor shall it otherwise constrain the Court's authority with respect to the handling of confidential information.

4.4 <u>Producing Party's Use</u>.

Nothing in this Order shall limit the producing party in the use of its own documents, things, and/or information for any purpose, or from disclosing any of its own information to any person, or from consenting to the disclosure of any of its own information by the other party.

## 5 **DESIGNATING PROTECTED MATERIAL**

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions. If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a) Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c) Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word

"CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

  5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

## 6 CHALLENGING CONFIDENTIALITY DESIGNATIONS

  6.1 <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

  6.2 <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

  6.3 <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on

other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

## 7    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated by the other party in this action as "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION," that the party receiving the subpoena must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

## 8    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 9    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the

receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

**10      NON TERMINATION AND RETURN OF DOCUMENTS**

No later than thirty (30 days) after the last day for filing of a notice of appeal of the final decision in this matter, with no such notice having been filed, or within a reasonable time after the final designation of any decision on appeal and remand, if any, thereafter, whichever is later, all protected material and all other documents and other things (other than attorney work product) containing or reflecting confidential information (including, without limitation, all copies, extracts, or summaries thereof) shall be destroyed or delivered to counsel from whom said confidential information was obtained. At that time, counsel shall send to all parties and counsel written confirmation of the destruction or delivery of such confidential information.

**11      MODIFIED PROTECTIVE ORDERS OR FUTURE RELIEF OR ORDERS**

This Order is without prejudice to the right of the parties to present a motion to the Court for a separate or modified protective order as to any particular document, information, or thing, including restrictions that differ from those specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application or modification of this Order, nor shall it preclude any party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Evidence, the Federal Rules of Civil Procedure, or any other applicable statute, rule, or authority.

//
//
//
//
//

STIPULATED PROTECTIVE ORDER (No. 2:16-cv-01940-JCC) – 9

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

| | |
|---|---|
| DATED: June 26, 2017 | *s/ Harish Bharti*<br>Harish Bharti, WSBA No. 23960<br>**Bharti Law Group PLLC**<br>6701 37th Ave NW<br>Seattle, WA 98117<br>Telephone: (206) 789-4556<br>Facsimile: (866) 664-0667<br>bhartilawyer@gmail.com<br><br>Attorneys for Plaintiffs Nikolay Kautsman and Olga Kofanova |
| DATED: June 26, 2017 | *s/ Jason Anderson*<br>Jason Anderson, WSBA No. 32232<br>**Law Office of Jason E. Anderson**<br>8015 15th Ave. NE, Suite 5<br>Seattle, WA 98117<br>Telephone: (206) 706-2882<br>Facsimile: (206) 783-0653<br>jason@jasonandersonlaw.com<br><br>Attorneys for Plaintiffs Nikolay Kautsman and Olga Kofanova |
| DATED: June 26, 2017 | *s/ Amanda J. Beane*<br>*s/ Tina R. Thomas*<br>Amanda J. Beane, WSBA No. 33070<br>Tina R. Thomas, WSBA No. 37883<br>**Perkins Coie LLP**<br>1201 Third Avenue, Suite 4900<br>Seattle, WA  98101-3099<br>Telephone:  206.359.8000<br>Facsimile:  206.359.9000<br>Email: ABeane@perkinscoie.com<br>          TThomas@perkinscoie.com<br><br>Attorneys for Defendant Carrington Mortgage Services, LLC |

**PURSUANT TO STIPULATION, IT IS SO ORDERED**

**IT IS FURTHER ORDERED** that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED this 29th day of June, 2017.

_____

John C. Coughenour
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

# CERTIFICATE OF SERVICE

The undersigned certifies that on the dated indicated below, I caused service of the foregoing [PROPOSED] STIPULATED PROTECTIVE ORDER via the CM/ECF system that will automatically send notice of such filing to all counsel of record herein.

DATED this 26th day of June 2017, at Seattle, Washington.

By: *s/ Tina R. Thomas*
Tina R. Thomas, WSBA No. 37883
Attorneys for Defendant Carrington Mortgage Services, LLC
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: TThomas@perkinscoie.com

CERTIFICATE OF SERVICE (No. 2:16-cv-01940-JCC)

135859710.4