THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NIKOLAY KAUTSMAN and OLGA KOFANOVA,<br><br>                Plaintiffs,<br>     v.<br><br>CARRINGTON MORTGAGE SERVICES LLC,<br><br>                Defendant. | CASE NO. C16-1940-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion for partial judgment on the pleadings (Dkt. No. 17). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

## I. BACKGROUND

Plaintiffs are the fee title owners of a single family home in Redmond, Washington (the Residence). (Dkt. No. 1-2 at 5.) Wilmington Trust, is the beneficiary of the Deed of Trust. (Dkt. No. 21 at 13.) Defendant Carrington Mortgage Services is the servicer of the mortgage. (Dkt. No. 1-2 at 5.) If Plaintiffs abandon the Residence, Plaintiffs' Deed of Trust contains a provision that allows the lender to do whatever is "reasonable and appropriate to protect the lender's interest in the Plaintiffs' Residence and secure the Plaintiffs' Residence" including entering and changing

the locks. (*Id.*)

Plaintiffs defaulted on their mortgage. (Dkt. No. 1-2 at 5.) It is Plaintiffs' position that—based on the default—Defendant directed its employees to break into Plaintiffs' Residence, change the locks, and take possession of the Residence. (*Id.*) Defendant then charged Plaintiffs for the cost of inspecting the Residence. (*Id.* at 6.) Specifically, Plaintiffs allege the following:

(1) Defendant gave Plaintiffs no notice the inspection was going to happen;
(2) The Residence was not abandoned and the inspector ignored clear signs that Plaintiffs were still living there when the inspector changed the locks;
(3) Defendant employs "a common practice and policy of unlawfully changing locks on the property owned by the consumer, and for which customers do not give their consent, denying access to their own dwelling;" and
(4) This is a policy "devised at the highest level of management and ownership."

(*Id.*)

Plaintiffs filed a class action suit in state court for breach of contract; violations of the duty of good faith and fair dealing; violations of Washington's Consumer Protection Act (CPA); and negligent supervision. (*See* Dkt. No 1-2.) Plaintiffs seek damages based on the costs associated with rekeying their locks, reimbursement for inspection costs, and costs associated with consulting legal counsel. (Dkt. No. 1-2 at 5.) Defendant removed to federal court and now moves for partial judgment on the pleadings under Federal Rule of Civil Procedure 12(c) on the breach of contract, good faith and fair dealing, and negligent supervision claims.

## II. DISCUSSION

### A. Judicial Notice

As an initial matter, Defendant requests that the Court take judicial notice of four assignments of the deed of trust recorded in King County pursuant to Evidence Rule 201. (Dkt. No. 21.) The documents are King County records and thus can be accurately or readily determined from a source whose accuracy cannot be reasonably questioned. Fed. R. Evid. 201. Plaintiffs have not responded to the request. Accordingly, the Court GRANTS Defendant's motion for judicial notice (Dkt. No. 21) of the documents attached as exhibits A–D to Docket

Number 21.

### B. Legal Standard

A motion for judgment on the pleadings may be brought "after the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). "A Rule 12(c) motion challenges the sufficiency of the opposing party's pleadings and operates in much the same manner as a motion to dismiss under 12(b)(6)." *Morgan v. Yolo*, 436 F. Supp. 2d 1152, 1154–55 (E.D. Cal. 2006). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). The court construes all material allegations in the light most favorable to the non-moving party. *Deveraturda v. Globe Aviation Sec. Servs.*, 454 F.3d 1043, 1046 (9th Cir. 2006). Thus, a "Motion for Judgment on the Pleadings may consequently be granted if, after assessing both the complaint, plus matters for which judicial notice is proper, it appears 'beyond doubt that the [non-moving party] cannot prove any facts that would support his claim for relief.'" *Morgan*, 436 F. Supp. 2d at 1155 (quoting *R.J. Corman Derailment Services, LLC v. Int'l Union of Operating Engineers, Local 150,* 335 F.3d 643, 647 (7th Cir. 2003)).

### C. Breach of Contract

For a breach of contract claim, the party claiming breach must assert that there was indeed a contract between the plaintiff and the defendant. *Timlick v. Bank of Am.*, 2017 WL 176218, at *2 (W.D. Wash. Jan. 17, 2017) (holding that loan servicer could not be sued for breach of contract where the plaintiff failed to allege a contract with defendant more than as an agent to the note purchaser). In Washington, "a breach of contract is actionable only if the contract imposes a duty, the duty is breached, and the breach proximately causes damage to the claimant." *Nw. Indep. Forest Mfrs. v. Dep't of Labor & Indus.*, 899 P.2d 6, 9 (Wash. Ct. App. 1995). Furthermore, "if a contract requires performance by both parties, the party claiming nonperformance of the other must establish as a matter of fact the party's own performance."

*Willener v. Sweeting*, 730 P.2d 45, 49 (Wash. 1986).

On this point Defendant makes three arguments. First, Defendant argues that "as the loan servicer, Carrington was not a party, assignee, or third-party beneficiary to the Deed of Trust," and as such, there was no contract to breach. (Dkt. No. 17 at 4.) Second, Defendant argues that even if there was a contract between Defendant and Plaintiffs, Plaintiffs failed to identify any provisions of the Deed of Trust which the Defendant allegedly breached. (*Id.* at 6.) Third, Defendant argues that, assuming a contract existed, Plaintiffs' nonpayment constituted a breach, which excused Defendant from any contractual duties. (*Id.* at 5.)

Based on the pleadings and the judicially noticed assignments of the Deed of Trust, the Court finds there was no contract between Plaintiffs and Defendant. Plaintiffs argue Defendant is the note holder for the Deed of Trust which transferred contractual duties to Defendant. (Dkt. No. 19 at 2.) Plaintiffs point out that in *Brown v. Wash. State Dep't of Commerce*, 359 P.3d 771, 787 (Wash. 2015), the Washington Supreme Court held that note holders and note owners are synonymous and the parties accept the contractual responsibilities of the other. (Dkt. No. 19 at 2.) However, according to the assignments of the Deed of Trust recorded with King County, Defendant is not, and never has been, the note holder. (Dkt. No. 21 at 5–13.) Although Plaintiff alleges that Defendant was the note holder, public records indicate that Defendant has been only the servicer. Plaintiffs failed to provide any precedent that would indicate that Plaintiffs have a contract with Defendant as a loan servicer. Defendant acted as an agent of the note owner, and therefore, the Court finds there was no contract between Plaintiffs and Defendant. Thus, the Court DISMISSES the breach of contract claim.

Because the Court finds no contract between Plaintiffs and Defendant, the Court need not consider Plaintiffs' breach by nonpayment. Nevertheless, the Court is wary of the situation created by Defendant's argument that Plaintiffs' breach of contract entitled Defendant to also breach the contract. Boiled down to its essentials, Defendant is arguing that if a mortgagee defaults on her loan, a note holder or loan servicer may change the locks on a property even if it

is apparent the property is not abandoned. This amounts to a situation in which a note holder, deed of trust beneficiary, loan servicer, etc., could change the locks based solely on default. Such a result is in direct contravention of public policy. *See Jordan v. Nationstar Mortg., LLC*, 374 P.3d 1195, 1200–02 (Wash. 2016) (deed of trust provision allowing lender to enter and rekey property upon default of borrower unenforceable as contrary to public policy).

### D. Good Faith and Fair Dealing

In Washington, the duty of good faith "arises only in connection with terms agreed to by the parties." *Badgett v. Security State Bank*, 807 P.2d 356, 360 (Wash. 1991). Further, the duty of good faith and fair dealing "exists only in relation to performance of a specific contract obligation." *Bldg. 11 Inv'rs LLC v. City of Seattle*, 912 F. Supp. 2d 972, 978 (W.D. Wash. 2012) (internal citations omitted). In order to bring a good faith and fair dealing claim, a party must identify the contractual obligation that was breached by the opposing party. *See Titus v. Wells Fargo Bank,* 2016 WL 807806, at *6 (W.D. Wash. Mar. 2, 2016) (holding defendant had not breached a duty of good faith and fair dealing because plaintiff had "not sufficiently articulated the contractual basis from which the duties of good faith and fair dealing flow").

Here, Plaintiffs allege generally that Defendant committed wrongful acts that "constitute violations of the duty of good faith and fair dealing that runs with contracts." (Dkt. No. 1-2 at 13.) However, Plaintiffs fail to articulate any specific contractual duty that was breached or not performed in good faith. Further, as stated above, Plaintiffs have not sufficiently pleaded there was indeed a contract between themselves and Defendant. Without a contract and specific contractual duties, there is no duty of good faith and fair dealing. Consequently, the Court DISMISSES the breach of good faith and fair dealing claim.

### E. Negligent Supervision

"The theory of negligent supervision creates a limited duty to control an employee for the protection of third parties, even where the employee is acting outside the scope of employment." *Niece v. Elmview Grp. Home*, 929 P.2d 420, 427 (Wash. 1997). An employer may be liable for

1 such conduct if "the employer knew, or in the exercise of reasonable care, should have known"
2 the employee would cause injury to others. *Thompson v. Everett Clinic*, 860 P.2d 1054 (Wash.
3 Ct. App. 1993). A plaintiff must also show that the employer's failure to supervise was the
4 proximate cause of her injuries. *Garrison v. Sagepoint Fin., Inc.*, 345 P.3d 792, 801 (Wash. Ct.
5 App. 2015).

Plaintiffs allege that "Defendants conduct a common practice and policy of unlawfully changing locks on the property owned by the consumer, and for which customers do not give their consent, denying access to their own dwelling" and this "policy was devised at the highest level of management and ownership." (Dkt. No. 1–2 at 6.) Plaintiffs also allege that they did not abandon the Residence and it did not appear abandoned; Defendant conducted or ordered inspection of the Residence based on default, and the inspector changed the locks. (*Id.* at 5–6.)

For purposes of this motion, the Court takes as true Plaintiffs' allegations that Defendant ordered the inspector to change the locks despite the fact that the property was not abandoned. However, the Court need not consider the sufficiency of these claims because Plaintiffs acknowledge their negligent supervision claims "lack essential allegations" and seek leave to amend. (Dkt. No. 19 at 2.) Therefore, the Court DISMISSES the negligent supervision claim.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion for partial judgment on the pleadings (Dkt. No. 17) is GRANTED. Plaintiffs' breach of contract, duty of good faith and fair dealing, and negligent supervision claims are DISMISSED WITHOUT PREJUDICE and with leave to amend. Plaintiffs shall have 14 days from the date of this order to file an amended complaint. Failure to do so will result in the claims being dismissed with prejudice. Defendant may renew its motion for judgment on the pleadings at a later date, should it so desire.

\\
\\
\\

1 | DATED this 13th day of July, 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 7