THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NIKOLAY KAUTSMAN, *et al.*,<br><br>　　　　　　　Plaintiffs,<br>　　v.<br><br>CARRINGTON MORTGAGE SERVICES,<br>LLC, *et al.*,<br><br>　　　　　　　Defendants. | CASE NO. C16-1940-JCC<br><br>ORDER GRANTING MOTION TO SEAL |

This matter comes before the Court on Plaintiffs' motion to seal (Dkt. No. 42). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion (Dkt. No. 42) for the reasons explained herein.

## I.　BACKGROUND

Included with Plaintiffs' motion for class certification (Dkt. No. 34) is a declaration from Jason Anderson (Dkt. No. 37). The declaration contains a number of exhibits (Dkt. Nos. 37, 39). Exhibits M through R reflect Carrington Home Solutions, L.P.'s Property Preservation Guidelines (Dkt. No. 39.) Those exhibits, if disclosed to the public, would place Carrington at a competitive disadvantage because the exhibits contain proprietary information about how the company maximizes revenue and minimizes costs on the properties it manages.

Carrington's Property Preservation guidelines were provided to Mr. Anderson during

1  discovery under a protective order (Dkt. No. 23). That order provides that any documents that
2  Carrington labels as "confidential" would not be filed unless done so under seal. (Dkt. No. 23 at
3  4–5.) Carrington labeled the Preservation Guidelines as confidential (Dkt. Nos. 39-1–39-6).
4  Correspondingly, Plaintiffs now ask that this confidential information be placed under seal (Dkt.
5  No. 42). The motion is unopposed by Defendants. (Dkt. No. 45.)

## II. DISCUSSION

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). That right is reduced when applied to confidential and proprietary business records. *Id.* at 1179. This is particularly true for records attached to nondispositive motions. *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115 (9th Cir. 2012).

The motion at issue in the instant matter is a class certification motion (Dkt. No. 34). While courts may consider the merits of a party's underlying claim in ruling on such motions, the primary consideration for the Court is whether the class device is appropriate. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348–49 (2011). This Court considers the class certification motion here to be nondispositive. On this basis, it applies the "good cause" standard articulated in Federal Rule of Civil Procedure 26(c). *Kamakana*, 447 F.3d at 1180. Only a "particularized showing" of harm from disclosure is required. *Id.*

The Court has reviewed the records at issue and concluded that a showing of harm has been made in the instant matter. Disclosure of the competitively-sensitive information included in the records would cause irreparable harm to Carrington Home Solutions because it would provide Carrington's competitors information about how it maximizes revenues and minimizes costs on property it manages. Good cause exists to grant Plaintiffs' motion.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to seal (Dkt. No. 42) is GRANTED. The Clerk is DIRECTED to maintain under seal Exhibits M–R of Mr. Anderson's declaration (Dkt. Nos. 39-1–39-6).

DATED this 19th day of September 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE