THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NIKOLAY KAUTSMAN, *et al.*, | CASE NO. C16-1940-JCC |
| Plaintiffs, | MINUTE ORDER |
| v. | |
| CARRINGTON MORTGAGE SERVICES LLC, *et al.*, | |
| Defendants. | |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court on Plaintiffs' motion for reconsideration (Dkt. No. 55) of the Court's order granting Defendants' motion to dismiss (Dkt. No. 54). Motions for reconsideration are generally disfavored. W.D. Wash. Local Civ. R. 7(h)(1). But reconsideration is appropriate where there is "manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." *Id.*

Plaintiff seeks reconsideration of the Court's order dismissing Claim III, where Plaintiffs allege that Defendants' rekeying activities represent an unfair and deceptive practice under the Washington Consumer Protection Act ("WCPA"). (Dkt. No. 55 at 3.) Either an unfair or a

deceptive practice may serve as a basis for a WCPA claim. *Klem v. Wash. Mut. Bank*, 295 P.3d 1179, 1187 (Wash. 2013). Because Defendants only sought dismissal to the extent Claim III relies on a deceptive practice (Dkt. No. 32 at 9), Plaintiff asserts the Court erred in dismissing Claim III in its entirety (Dkt. No. 54 at 7). The Court disagrees. Plaintiff failed to plead sufficient facts to demonstrate an unfair practice. On this basis, the Court does not view Claim III as relying on an unfair practice.

To support an unfairness-based WCPA claim, a Plaintiff must demonstrate that a particular practice "is likely to cause substantial injury to consumers which is not reasonably avoidable by consumers themselves and not outweighed by countervailing benefits." *See Rush v. Blackburn*, 361 P.3d 217, 225 (Ct. App. Wash. 2015). While Plaintiff's Second Amended Complaint alleges substantial injury from Defendants' rekeying activities (Dkt. No 27 at 10), it fails to address if the injury was avoidable and whether it was outweighed by countervailing benefits.

Therefore, Plaintiffs fail to demonstrate manifest error. Their motion for reconsideration (Dkt. No. 55) is DENIED. As discussed in the Court's November 1, 2017 Minute Order (Dkt. No. 58), Plaintiffs are granted leave to file a Third Amended Complaint within seven (7) days of the current order.

DATED this 3rd day of November 2017.

William M. McCool
Clerk of Court

s/*Tomas Hernandez*
Deputy Clerk