THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NIKOLAY KAUTSMAN and OLGA KOFANOVA, and each on behalf of himself/herself, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CARRINGTON MORTGAGE SERVICES LLC, a Delaware Corporation, *et al.*,<br><br>Defendants. | CASE NO. C16-1940-JCC<br><br>ORDER |

This matter comes before the Court on the parties' joint motion for preliminary approval of the class settlement agreement pursuant to Federal Rule of Civil Procedure 23(e) (Dkt. No. 103). Having thoroughly considered the motion and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

On November 23, 2019, named Plaintiffs Nikolay Kautsman and Olga Kofanova executed a settlement agreement with Defendants Carrington Mortgage Services and Carrington Home Solutions L.P. (collectively, "the Parties"). For purposes of this order, all of the terms and definitions set forth in that settlement agreement shall apply herein. Having reviewed the settlement agreement and considered the parties' original and renewed submissions in support of preliminary approval of the settlement, the Court now FINDS and ORDERS as follows:

**I.   CERTIFICATION OF SETTLEMENT CLASS**

  **A.   The Expanded Settlement Class**

  1.   The agreement settles all released claims, as defined therein, that have been or could have been brought in this putative class action. The agreement provides for a nationwide class settlement of the released claims concerning certain activities occurring prior to final disposition of subject properties, which are the subject of this lawsuit.

  2.   On or about August 25, 2017, the named plaintiffs moved for class certification. (Dkt. No. 34). The Court certified a class in the lawsuit in November 2018, defining the class as follows:

> "All persons (a) who own(ed) real property in Washington State subject to a deed of trust or mortgage serviced or held by Carrington Mortgage Services, LLC ("CMS"), and (b) who, within the applicable statute of limitations, had their property entered and rekeyed by CMS and/or its agents, prior to CMS completing a foreclosure of the property."

(Dkt. No. 89).

  3.   The parties have jointly requested the Court expand this certified class for purposes of settlement. This proposed settlement class would include those who may have had a final disposition other than foreclosure. accordingly, the settlement class is defined as follows:

> All persons who own or owned real property in the state of Washington subject to a deed of trust or mortgage serviced or held by CMS who within the applicable statute of limitations, had their property entered and rekeyed by CMS prior to CMS completing Final Disposition of the property. For the purposes of this definition, Final Disposition includes foreclosure as well as other disposition events regarding the property, including deed in lieu, short sale, paid in full, or charge off.

  4.   The Court hereby finds that this change is reasonable, fair, and adequate to the needs of the parties and the settlement class. Specifically, the proposed settlement class would expand the available number of individuals who stand to benefit under the terms of the settlement agreement. As noted by the parties, some loans in default result in foreclosure, but not

all do. Instead, other defaulted loans are ultimately resolved via other means, including those identified within this expanded class definition.

### B. Findings Regarding the Settlement Class

The Court finds as follows:

1. Defendants have determined the size of the settlement class through their records and have identified 620 such settlement class members.

2. There are questions of law and fact common to all members of the settlement class including whether the members of the settlement class own or owned real property subject to a deed of trust serviced by Defendants or their agents, whether this property was entered and/or rekeyed by Defendants, and whether Defendants' pre-foreclosure actions regarding these properties were in violation of law.

3. The named Plaintiffs' claims are typical of the settlement class. The named Plaintiffs are members of the settlement class and allege that they have been harmed by the same conduct of Defendants as other members of the settlement class. Their claims are not in conflict with or antagonistic to the claims of the settlement class as a whole. The named Plaintiffs' claims and those of other settlement class members are based upon corresponding theories.

4. The settlement class is ascertainable. The unnamed members of the settlement class have in common that they each were identified by Defendants' records as someone who met the expanded settlement class definition as set out above.

5. The named Plaintiffs can fairly, fully, and adequately protect the interests of the settlement class. Class counsel is experienced in prosecuting complex class-action litigation, and the named plaintiffs and class counsel have no interest that conflicts with, or adverse to, the interests of the settlement class. The Court had previously appointed these class counsel and these named plaintiffs to represent the interests of the original class in its prior certification order.

6. Questions of law and fact common to all members of the settlement class predominate over any questions affecting only individual members for settlement purposes.

**C. Certification of Settlement Class and Appointment of Class Counsel**

1. For the reasons above, the Court hereby CERTIFIES the following settlement class for settlement purposes only:

> All persons who own or owned real property in the state of Washington subject to a deed of trust or mortgage serviced or held by CMS who within the applicable statute of limitations, had their property entered and rekeyed by CMS prior to CMS completing Final Disposition of the property. For the purposes of this definition, Final Disposition includes foreclosure as well as other disposition events regarding the property, including deed in lieu, short sale, paid in full, or charge off.

2. The Court hereby APPOINTS Roger Davidheiser of FRIEDMAN RUBIN PLLC, Harish Bharti of BHARTI LAW GROUP, PLLC, and Jason E. Anderson of the LAW OFFICE OF JASON E. ANDERSON as counsel for the settlement class ("Class Counsel").

3. If for any reason the settlement agreement ultimately does not become effective, the parties may request that this order certifying a settlement class be vacated and that the parties be returned to their respective positions in this lawsuit as those positions existed immediately before the parties executed the settlement agreement. Nothing stated in the settlement agreement or in this order shall be deemed an admission or waiver of any kind by any of the parties or used as evidence against, or over the objection of, any of the parties for any purpose in this action or in any other action or proceeding of any kind.

**II. PRELIMINARY APPROVAL OF THE TERMS OF THE SETTLEMENT**

1. Defendants have at all times disputed, and continue to dispute, named Plaintiffs' allegations in this lawsuit, deny any liability for any of the claims that have or could have been alleged by Plaintiff or other members of the settlement class.

2. The settlement agreement requires Defendants to provide specified settlement awards to each participating settlement class member, as defined and set forth in the settlement

agreement. Specifically, each settlement class member who has not timely opted out of the settlement shall be paid via a settlement award to each participating settlement class member. Participating settlement class members will each be eligible for a *pro rata* share of the damages fund. This *pro rata* share will be determined by a percentage of property value times number of days from re-key to final disposition, with a cap, with the goal that the average award will range between approximately $1,600.00-$2,200.00.

3. Defendants have already identified all settlement class members and, therefore, no settlement class member will be required to prove their eligibility to receive the benefits of the settlement agreement.

4. On a preliminary basis, therefore, taking into account (1) the defenses asserted by Defendants; (2) the risks to the settlement class members that Defendants would successfully defend against claims arising out of the facts and legal theories pleaded and asserted in this case, whether litigated by members of the settlement class themselves or on their behalf in a class action; and (3) the length of time that would be required for members of the settlement class, or any group of members of the settlement class, to obtain final judgment through one or more trials and appeals, the settlement appears fair, reasonable, and adequate. Moreover, the parties have reached the settlement after litigating the claims and defenses raised in this, both formal and informal discovery conducted by the Plaintiff, class counsel, and Defendants, and an arm's-length negotiation that included a full-day mediation session and subsequent negotiations. For all these reasons, the settlement falls within the appropriate range of possible approval and does not appear in any way to be the product of collusion.

5. Accordingly, it is hereby ORDERED that the settlement agreement and corresponding settlement are hereby preliminarily approved.

//

//

//

### III. APPROVAL OF THE CLASS NOTICE, PLANS FOR ITS DISTRIBUTION, AND RESPONSIBILITIES FOR THE SETTLEMENT ADMINISTRATOR AND THE PARTIES

1. As provided for in the settlement agreement, the parties have submitted (i) a form of class notice, including a request for exclusion form, and frequently asked questions and answers ("Notice"), to be mailed and emailed to settlement class members; (ii) a plan for distributing the notice; (iii) a plan for establishing a settlement website, which will include the notice and other information and documents that the parties jointly agree to post concerning the nature of the case and the status of the settlement, including a copy of class counsel's fee application, a complete copy of the settlement agreement, and relevant orders of the Court.

2. The proposed plan for distributing and publishing the notice and settlement website appears reasonably likely to notify members of the settlement class of the settlement. The proposed plan for publishing the notice on the settlement website and for mailing the notice to settlement class members is fair and reasonable. The proposed plan satisfies the notice requirements of Federal Rule of Civil Procedure 23(e) and all applicable federal laws.

3. The notice and settlement website will fairly, accurately, and reasonably inform members of the settlement class of (1) appropriate information about the nature of this litigation and the essential terms of the settlement agreement; (2) appropriate information about how to obtain additional information regarding this matter and the settlement agreement; and (3) appropriate information about, and means for, objecting to or excluding themselves from, the settlement, if they wish to do so. The notice and settlement website also fairly and adequately inform members of the settlement class that if they do not comply with the specified procedures and deadline for excluding themselves from the settlement, they will be bound by the settlement and lose any opportunity to bring any of the released claims against the released parties. The agreement settles all released claims, as defined therein, that have been or could have been brought in this class action.

//

4. The Court, having reviewed the proposed notice and the proposed plan for distributing and disseminating each of them, finds and concludes that the proposed plan for distributing and disseminating each of them will provide the best notice practicable under the circumstances and satisfies all requirements of federal and Washington laws and due process.

5. Accordingly, the Court hereby ORDERS that the proposed notice be APPROVED. Promptly following the entry of this order, the parties and settlement administrator shall prepare final versions of the notice.

6. Further, it is ORDERED that the parties and class administrator shall follow the following timeline with respect to the plan of notice in preparation for the final approval hearing.

| | |
|---|---|
| Settlement Administrator Sends Notice and Settlement Website goes live ("Settlement Notice Date") | Within 30 Days Following Entry of Preliminary Approval Order |
| Parties file Declaration of Settlement Administrator of Compliance with Notice Requirement | Within 45 Days Following Entry of Preliminary Approval Order |
| Motion for Award of Attorneys' Fees and Expenses and Service Awards to Plaintiffs | Within 55 Days Following Entry of Preliminary Approval Order |
| Last day for Settlement Class Members to Object to Settlement Agreement or Request Exclusion | April 2, 2020 |
| Motion for Final Approval Order and Response to Objections | Within 120 Days Following Entry of Preliminary Approval Order |
| Final Approval Hearing | June 2, 2020 at 9:00 a.m.[1] |

7. The settlement administrator shall perform the following functions in accordance with the settlement agreement, this order, and subsequent orders that might be entered by the Court in this case:

---

[1] Pursuant to 28 U.S.C. § 1715(d), this date must be at least 90 days following the distribution of notice of the proposed settlement to the Attorney General of the United States and the appropriate state official.

        a.       Establish, pursuant to the timeline set out above, a settlement website that enables settlement class members to: (a) read the notice, class counsel's fee application, settlement agreement, relevant pleadings related to the settlement, and relevant orders of the court; and (b) complete, review, and submit a request for exclusion online.

        b.       Send or cause to be sent, by first-class United States mail, pursuant to the timeline set out above, the class notice to every settlement class member. The settlement administrator will forward settlement notices that are returned by the U.S. Postal Service with a forwarding address.

        c.       Process requests for exclusion from the settlement.

        d.       Process objections to the settlement.

## IV. PROCEDURES FOR FINAL APPROVAL OF THE SETTLEMENT

### A. Final Approval Hearing

The Court hereby schedules for June 2, 2020 at 9:00 a.m. a final approval hearing at the United States Courthouse, 700 Stewart Street, Courtroom 15206, Seattle, Washington, 98101, to determine whether the settlement should receive final approval. At that time, the Court will also consider any motion that might be made by class counsel for an award of attorneys' fees and reimbursement of litigation expenses, and any request for a service award to Plaintiff, all in accordance with the terms of the settlement agreement.

### B. Deadline for Members of the Settlement Class to Request Exclusion from the Settlement

The deadline for members of the settlement class to request exclusion from the settlement class shall be April 2, 2020. Members of the settlement class who wish to be excluded from the settlement must mail or submit online their requests for exclusion no later than that date. Any exclusion that is sent via first-class United States Mail must be postmarked by that date.

### C. Procedure for Objecting to Matters to Be Heard at the Final Approval Hearing

Any objections to certification of the settlement class, the designation of named Plaintiffs

as representatives of the settlement class, the service award requested by Plaintiff, the appointment of class counsel, the settlement, the settlement agreement, or the amount of fees and expenses that class counsel might request at the final approval hearing, must be made in writing and submitted by April 2, 2020. Any objection that is sent via first-class United States mail must be postmarked by that date.

Any member of the settlement class or his or her counsel may appear at the final approval hearing and present an objection to the certification of the settlement class, the designation of the class representative, the appointment of class counsel, the settlement, the settlement agreement, or the amount of attorney's fees, expenses, and/or service awards requested, and/or present any other remarks, without submitting written objections or providing advance notice of an intent to appear or request to be heard at the final approval hearing. The Court will consider all written and oral objections submitted by any settlement class members.

## V. ABSENCE OF ANY ADMISSION AND DENIAL OF ANY WRONGFUL ACT OR OMISSION AND OF ANY LIABILITY

The parties entered into the settlement agreement solely for the purpose of compromising and settling disputed claims. Defendants have at all times denied, and continue to deny, any wrongful act or omission alleged by named Plaintiffs, and any liability of any sort to Plaintiff or any member of the settlement class. Nothing contained in the settlement agreement, in the documents relating to the settlement agreement, or in this order shall be construed, deemed, or offered as an admission by the parties, or by any member of the settlement class, for any purpose in any judicial or administrative action or proceeding, whether in law or in equity.

## VI. CONCLUSION

For the foregoing reasons, the parties' joint motion for preliminary approval of the class settlement agreement (Dkt. No. 103) is GRANTED.

//

//

DATED this 6th day of January 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE