THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NIKOLAY KAUTSMAN and OLGA KOFANOVA, and each on behalf of himself/herself, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CARRINGTON MORTGAGE SERVICES LLC, a Delaware Corporation, *et al.*,<br><br>Defendants. | CASE NO. C16-1940-JCC<br><br>ORDER |

This matter comes before the Court on the parties' joint motion for final approval of their class action settlement (Dkt. No. 107) and Plaintiffs' motion for attorney fees and costs (Dkt. No. 106). On January 6, 2020, the Court granted preliminary approval of the parties' class action settlement and certified a settlement class defined as:

> All persons who own or owned real property in the state of Washington subject to a deed of trust or mortgage serviced or held by CMS who within the applicable statute of limitations, had their property entered and rekeyed by CMS prior to CMS completing Final Disposition of the property. For the purposes of this definition, Final Disposition includes foreclosure as well as other disposition events regarding the property, including deed in lieu, short sale, paid in full, or charge off.

(*See* Dkt. No. 104.) Having duly considered all submissions and arguments presented, the Court hereby FINDS as follows:

ORDER
C16-1940-JCC
PAGE - 1

1. Unless otherwise provided, all terms used herein shall have the same meaning as provided in the settlement agreement. (*See* Dkt. No. 103-1.)

2. The Court has subject matter jurisdiction over the claims in this case and personal jurisdiction over the parties, including all class members.

3. The Court appoints Settlement Services Inc. as the claims administrator. The claims administrator shall be subject to the jurisdiction of the Court with respect to the administration of the settlement agreement and shall comply with the terms of the settlement agreement.

4. As demonstrated by the declaration of Robert Hyte, Plaintiffs provided notice to the settlement class in the manner and form approved by the order granting preliminary approval. (*See* Dkt. Nos. 104, 107-1.) The Court finds that Plaintiffs conducted additional efforts to notify settlement class members, that Plaintiffs' efforts were the best practicable efforts under the circumstances, and that Plaintiffs complied fully with the order granting preliminary approval, the Federal Rules of Civil Procedure, and the constitutional requirements of due process under federal and state law.

5. The Court has determined that a full and fair opportunity has been given to the settlement class members to be heard in opposition to the terms of the settlement agreement and to Plaintiffs' motion for an award of attorney fees, costs, and service awards.

6. None of the settlement class members filed an objection to the settlement agreement by the April 2, 2020 deadline for doing so. (*See* Dkt. No. 107-1 at 2–3.)

7. The Court has carefully considered the papers, evidence, and arguments before it and has made its independent judgment that: (1) Plaintiffs' case was sufficiently strong to justify a valuable settlement, and rulings on class certification and Defendants' motions to dismiss indicate that Plaintiffs' claims were plausibly meritorious; (2) a lengthy jury trial representing the interests of the class epitomizes the risks and complexity of litigation, and the Court concludes that further post-trial and appellate litigation would have been likely; (3) the amount

offered in settlement is fair and reasonable; (4) the parties conducted extensive discovery in this case and the parties' settlement negotiations were significant, including a lengthy mediation; (5) the attorneys involved have litigated the case expertly and in their long experience in class actions and labor work conclude the settlement is fair and reasonable; (6) the settlement agreement is the product of informed and non-collusive arms-length negotiations among experienced counsel; (7) the named Plaintiffs and class counsel have adequately represented the class; and (8) a substantial majority of the class have received the notice ordered by the Court and no class member has filed an objection to the settlement agreement; . *See Officers for Justice v. City of San Francisco*, 688 F.2d 615m 625 (1982); *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 – 47 (9th Cir. 2011).

8. Having considered the foregoing, including the lack of objections, the costs, risks, and delays of continued litigation versus the benefits provided by the settlement agreement, and the Court's knowledge of this action, the Court finds and concludes that the settlement is in the best interest of the class and is fair, reasonable, and adequate as to all class members.

9. The settlement agreement is not an admission by Defendants, nor is this order a finding of the validity of any allegations or of any wrongdoing by Defendants. Neither this order, the settlement agreement, nor any action taken to carry out the settlement agreement may be construed as, or may be used as, an admission of any fault, wrongdoing, omission, concession, or liability whatsoever by or against Defendants.

10. The Court has considered Plaintiffs' motion for attorney fees, costs, and service awards and the declarations attached thereto. (*See* Dkt. Nos. 106, 106-1–106-5.) The Court finds that the proposed award of attorney fees, costs, and service awards is reasonable, with particular emphasis on the favorable award obtained for the class, the amount of time and effort expended by Plaintiffs' counsel and the named Plaintiffs in this litigation, and the complexity of the issues raised. *See In re Heritage Bond. Litig.*, 2005 WL 1594389, slip op. at 8 (collecting cases); *In re Media Vision Technology Sec. Litig.*, 913 F. Supp. 1362, 1366 (N.D. Cal 1996); *Van Vraken v.*

*Alt. Richfield Co.*, 901 F. Supp. 294, 299–300 (S.D. Cal. 1995).

Accordingly, the Court hereby ORDERS as follows:

1. The parties' joint motion for final approval of their class action settlement agreement (Dkt. No. 107) and Plaintiffs' motion for attorney fees, costs, and service awards (Dkt. No. 106) are GRANTED.

2. The terms of the settlement agreement (Dkt. No. 103-1) are granted final approval, are confirmed as fair, reasonable, and adequate, are adopted by the Court as though fully set forth herein, and are binding on Plaintiffs, Defendants, and class members.

3. The released claims, as defined in the settlement agreement, are hereby released, and settlement class members are enjoined from asserting, filing, maintaining, or prosecuting any of the released claims in the future.

4. The claims of the settlement class members asserted in this action are DISMISSED with prejudice and the release and covenant not to sue provided in the settlement agreement are incorporated herein.

5. Defendants are authorized to distribute benefits to the settlement class members as provided for in the settlement agreement.

6. The Court approves Home Base of Seattle and Family Promise of Spokane sa the *cy pres* recipients. To the extent that checks sent to settlement class members cannot be delivered or are not cashed, the remainder of the damages fund up to a 70% cap will be paid in equal amounts to the *cy pres* recipients. The remaining 30% of the damages fund, if any, will revert to Defendants.

7. The Court approves an award of attorney fees to Plaintiffs' counsel in the amount of $682,500.00.

8. The Court approves an award of $6,397.29 to Plaintiffs' counsel for reimbursement of reasonable litigation costs.

9. The Court approves payment of the claims administrator's fees and costs of up to

$15,750.00, to be paid to the claims administrator solely from the common fund by the deadline specified in the settlement agreement.

10. The Court approves a service award of $15,000.00 each to named Plaintiffs Nikolay Kautsman and Olga Kofanova.

11. The Court retains jurisdiction over the parties, class counsel, and the case for the limited purpose of enforcing the terms of the settlement agreement and this order.

DATED this 2nd day of June 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE